# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | SITTING JUDGE IF OTHER THAN ASSIGNED JUDGE | |
|---|---|---|---|
| CASE NUMBER | 03 C 5928 | DATE | DECEMBER 29, 2003 |
| CASE TITLE | ANTONIO NUNEZ, et al. v. PIZZA NOVA, INC., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for **JANUARY 14, 2004 at 11:00 a.m.**
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Plaintiffs' motion to begin notice to members of the plaintiff class [8-1] is denied without prejudice. All discovery is to be completed by March 12, 2004.

(11) ■ **[FOR FURTHER DETAIL SEE ATTACHED MEMORANDUM OPINION AND ORDER.]**

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | DEC 30 2003 date docketed | |
| | Notified counsel by telephone. | | | 23 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | 12/29/2003 date mailed notice | |
| cw | courtroom deputy's initials | 03 DEC 29 PM 2:23 Date/time received in central Clerk's Office | mqm mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTONIO NUNEZ, VICENTE BALDERAS, )
CARLOS CORONEL, and LEONARD )
NUNEZ, on behalf of themselves )
and all other plaintiffs )
similarly situated, known and )
unknown, )
 )
              Plaintiffs, )
 )
    v. )   No. 03 C 5928
 )
PIZZA NOVA, INC., TONY PARENTE, )
individually, and HECTOR )
CORONADO, individually, )
 )
             Defendants. )

DOCKETED
DEC 3 0 2003

## MEMORANDUM OPINION AND ORDER

    The plaintiffs who filed this action are Antonio Nunez, Vicente Balderas, Carlos Coronel, and Leonardo Nunez. All four plaintiffs formerly worked for defendant Pizza Nova, Inc., a corporation that operates three Pizza Nova pizzerias in the Chicago area. Also named as defendants are Pizza Nova's two shareholders, Tony Parente and Hector Coronado. Parente and Coronado are also officers of the corporation and are personally involved in managing and operating the pizzerias. The Nunezes



worked as cooks and the other plaintiffs worked as delivery drivers. Plaintiffs allege that they were paid less than minimum wage and that they were not properly compensated for working overtime in excess of 40 hours per week, all in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and the Portal-to-Portal Act, 29 U.S.C. § 251 et seq. There is no allegation that any of them are entitled to overtime pay simply for working more than eight hours on a particular day. Presently pending is plaintiffs' motion to send notice to potential class members.

Federal Rule of Civil Procedure 23 does not apply to this case. Any class action is limited by the provision of 29 U.S.C. § 216(b) which requires that any plaintiff joined in this action consent to be a plaintiff, that is, any additional plaintiffs must opt in. King v. General Electric Co., 960 F.2d 617, 621 (7th Cir. 1992); Flores v. Lifeway Foods, Inc., ___ F. Supp. 2d ___, 2003 WL 22478695 *1-3 (N.D. Ill. Oct. 30, 2003). In appropriate circumstances, the court may order that notice be sent to potential class members advising them of the option of joining in the case. See Woods v. New York Life Insurance Co., 686 F.2d 578, 580 (7th Cir. 1982). To be entitled to have such notice sent, plaintiffs must make "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated

- 2 -

the law." Flores, 2003 WL 22478695 at *3 (quoting Taillon v. Kohler Rental Power, Inc., 2003 WL 2006593 *1 (N.D. Ill. April 29, 2003)). See also Champneys v. Ferguson Enterprises, Inc., 2003 WL 1562219 *4 (S.D. Ind. March 11, 2003); Bontempo v. Westwood One Broadcasting Services, Inc., 2002 WL 1925911 *1 (N.D. Ill. May 3, 2002); Garza v. Chicago Transit Authority, 2001 WL 503036 *2 (N.D. Ill. May 8, 2001). The other employees need not be in the same identical job. Champneys, 2003 WL 1562219 at *5; Bontempo 2002 WL 1925911 at *1; Garza, 2001 WL 503036 at *3. But see Pfaahler v. Consultants for Architects, Inc., 2000 WL 198888 at *2 (N.D. Ill. Feb. 8, 2000). Where, as here, defendants dispute whether workers in certain positions are employees subject to minimum wage and overtime provisions, there also must be a modest factual showing that such workers are employees. See, e.g., Champneys, 2003 WL 1562219 at *3-4. Unless defendants admit in their answer or briefs that other similarly situated employees exist, plaintiffs cannot rely on their allegations alone to make the required modest factual showing. Plaintiffs need not provide conclusive support, but they must provide an affidavit, declaration, or other support beyond allegations in order to make a minimal showing of other similarly situated employees subjected to a common policy.

Here, in their answer, defendants deny all the allegations that there are other similarly situated employees.

In opposing the motion to allow notice, a declaration of Coronado is also provided. Coronado states that Pizza Nova has three types of non-managerial workers: cooks, cashiers, and delivery drivers. Coronado states that delivery drivers are treated as independent contractors and provides some additional factual background supporting that they are independent contractors. He also states that no cashier or delivery person has ever worked more than 40 hours in a week. The declaration is silent as to whether any cooks have ever worked overtime or whether they have been paid time and one-half if any have worked overtime. Coronado states that cashiers are paid minimum wage or more. Delivery persons are only paid with tips.

Since plaintiffs have not provided any support for their allegations that cooks, delivery drivers, and possibly cashiers work overtime or are paid less than minimum wage, nor any support for their allegations that delivery drivers are employees, and defendants deny those allegations, plaintiffs have not made the modest factual showing that is a threshold requirement for permitting notice to be mailed to possible opt-ins. Plaintiffs' motion will be denied without prejudice to filing such a motion with adequate support.

IT IS THEREFORE ORDERED that plaintiffs' motion to begin notice to members of the plaintiff class [8-1] is denied without

prejudice. All discovery is to be completed by March 12, 2004. Status hearing set for January 14, 2004 at 11:00 a.m.

        ENTER:

        *William T. Hart*
        UNITED STATES DISTRICT JUDGE

DATED: DECEMBER 29, 2003